FRUGÉ, Judge.
This is an action instituted by plaintiff against the defendant on three promissory notes upon which the defendant, D. O. Sinclair, was the endorser with recourse. The defendant was in the used car business in Rapides Parish, Louisiana and did his financing with plaintiff company. The first note in question was made by W. F. Ingram, the second note in question by El-more Guillium and the third note in question by Woodrow and Bertha Davis. The defendant admitted his signature as endorser on each note and it was stipulated that the three notes had a balance due in conformity with the prayer of plaintiff’s petition. However, the defendant on the Ingram and Guillium notes contends that he has been *235 released because the mortgaged automobiles have been partially destroyed and that plaintiff, as an agent for the collision insurance company affecting said automobiles, has not taken any steps to collect the money under the physical damage policies issued covering the two automobiles. It might be well to explain here that all three of the notes were secured by chattel mortgages upon the automobiles owned by the makers of the notes, which automobiles were sold by the defendant, Sinclair. The evidence reveals that the defendant, Sinclair, because of the delinquency by Ingram and Guillium on their respective notes, went to Tullos, Louisiana and picked up the automobile mortgaged on the Ingram note and to Clarksdale, Mississippi to get the automobile mortgaged on the Guillium note. He found the Ingram automobile in terrible condition and found that much of the original was not on it and towed it to Alexandria, Louisiana from Tullos, Louisiana and placed it on his used car lot. While returning the Guillium automobile from Mississippi it caught fire and was completely destroyed. The defendant then contacted Mr. David Foil, who is the manager of the plaintiff company and also the agent of the physical damage insurance carrier covering the automobiles, giving Mr. Foil an estimate of the stolen parts and, of course, telling him about the fire on the other automobile and requested that he file a proof of loss with the insurance company. The evidence reveals that Mr. Foil wrote to the insurance company some three months before the trial requesting instructions and that he had not heard from the insurer.
The defendant contends, citing the case of Central Sav. Bank & Trust Co. v. Oil Field Supply & Scrap Material Co., 202 La. 787, 12 So.2d 819, that inasmuch as the plaintiff’s agent did not contact the insurance company or file proof of loss for the insurance proceeds covering the two vehicles he is discharged from payment of the debt. Defendant further contends that Finance Security Company, Inc. is truly and justly indebted unto him in the full sum of $700, representing a reserve account held by Finance Security Company, Inc. to his account to guarantee against losses that might be sustained by them and prays for judgment in this amount.
The Trial Court gave judgment in favor of plaintiff on the Davis note and rejected the plaintiff’s demands on the Ingram and Guillium notes reasoning that the plaintiff acted prematurely in instituting suit on the Ingram and Guillium notes as it had just previously initiated action on the insurance claims. The court, in its written opinion, stated:
“This situation can compel only one conclusion — that the plaintiff acted prematurely in instituting suit on the Ingram and Guilliums notes when it had just previously initiated action on the insurance claims. And, in view of this writer, the matter has not been clarified by the simple statement of Mr. Foil to the effect that he hasn’t heard anything from the insurance company of which he is the local agent.
“Finally, this court is of the opinion that justice can be done in the present circumstances only by dismissing plaintiff’s present demands as being premature, with the right reserved to renew them when the matter of insurance recovery has been clarified.”
While we believe that the court below was trying to render a fair and equitable decision, we cannot find any basis in law to go along with the lower court’s reasoning. The notes on their face show that the payments are long past due and certainly plaintiff’s claim against the defendant cannot be said to be premature. The notes themselves show that they have matured and, of course, plaintiff has a perfect right to institute this action against the endorser of said notes which notes were endorsed with recourse.
We believe that plaintiff has furnished due proof in support of its demands, name- *236 1 y, that the balances due on said notes are justly and truly due and owing and that the notes have matured. The defendant himself does not question the balances due thereon.
Counsel for defendant argues that if a holder releases or voluntarily destroys the security, the endorser is discharged to the extent that the specific security would have gone to pay the debt and cites Central Sav. Bank & Trust Co. v. Oil Field Supply & Scrap Material Co., 202 La. 787, 12 So.2d 819. However,, in the case at bar, the holder of the note did not release or voluntarily destroy the security. The defendant, Sinclair himself, went after the automobiles in question and returned them to Alexandria and from the evidence it seems that said automobiles are still in the possession of the defendant, Sinclair, and are still sitting on his used car lot. It was the defendant, Sinclair, who seized both the Guillium and Ingram automobiles and not the holder of the note, namely the plaintiff.
While perhaps Mr. Foil, the plaintiff’s manager (who was also an agent of the insurance company which covered the two automobiles in question with insurance), could perhaps have acted more swiftly or with more concern, we cannot say that because he did not do so, this action is premature. We certainly believe that after payment of these notes by this judgment by the defendant he would be subrogated to all of the rights held by the plaintiff, Finance Security Company, Inc. and could assert a legal action under the insurance policies for the damages to the automobiles in question as he would be legally subro-gated to all of the rights held by Finance Security Company, Inc. But because Finance Security Company, Inc. did not assert these rights prior to the trial of this matter, we cannot state that the action is premature.
Having concluded that plaintiff’s action is not premature and having concluded that it ¡ha-s proved its case against the defendant, Sinclair, on the three notes in question, the contracts between plaintiff and defendant have been settled and defendant certainly-has a right to a set-off or credit to said notes in the sum of $744.79, being the amount of defendant’s reserve account held by plaintiff covering these contracts.
For the foregoing reasons, the judgment of the trial court is amended and accordingly judgment is hereby granted in favor of plaintiff and against the defendant on the Ingram note in the full sum of $1,248.-49, together with 8% interest per annum thereon from February IS, 1956 until paid, plus 25% attorney fees; judgment in favor of plaintiff and against the defendant on the Guillium note in the full sum of $806.96 with interest at the rate of 8% per annum from September 4, 1956 until paid, plus 25% additional as attorney fees; all subject to a credit in favor of defendant in the sum of $744.79. All costs of court to be borne by the defendant and in all other respects said judgment is affirmed.
Amended, affirmed and rendered.